No. 41672.—Protest 886314–G/10894 of Lykes Bros. Ripley Steamship Co., Inc. (New Orleans).

KEEFE, Judge: In this case plaintiff seeks to recover duty assessed and paid upon two life boats which were part of the equipment of the S. S. *Ethan Allen*, the collector having assessed duty thereon at 50 percent ad valorem under the provisions of section 466 of the Tariff Act of 1930.

A stipulation of the facts was made and filed herein and the following is a statement of the facts there admitted: The plaintiff, a corporation, has been for many years the owner and operator of vessels between this country and the Far East.   At the time the matter before us arose, among the vessels owned and operated by it were the S. S. *Eglantine* and the S. S. *Ethan Allen*.   During the month of January and the fore part of February 1936, while en route to Yokohama, Japan, the *Eglantine* encountered severe and stormy weather which

caused damage to the vessel and its equipment, including the loss of its lifeboats. As a result of such damage, it was necessary for said vessel to undergo certain repairs at Yokohama, Japan. The *Ethan Allen* likewise encountered severe storms while en route to the same port, which damaged the vessel and her equipment to such an extent as to require extensive repairs. The *Ethan Allen* put into Yokohama for repairs while the *Eglantine* was at that port undergoing repairs. On February 10, 1936, while at Yokohama, Japan, two lifeboats and equipment from the *Ethan Allen* were transferred to the *Eglantine* to replace two lifeboats that had been demolished by the storm and heavy weather encountered by that vessel. This was done in order that the *Eglantine* might proceed on her return voyage in a seaworthy condition and in order to avoid unnecessary delay to said vessel as would be caused by having two such lifeboats constructed. The *Eglantine*, equipped with the two lifeboats taken from the *Ethan Allen*, proceeded on her voyage from Yokohama, while the *Ethan Allen* remained for further repairs. The *Eglantine* returned to America, and, in asking for remission of duty on the repairs and equipment required and necessitated at Yokohama, did not include the value of the two lifeboats procured by it from the *Ethan Allen*. Later, the *Ethan Allen* returned to New Orleans, La., and there application was made for remission of duties on behalf of the *Ethan Allen* including the cost of the two lifeboats in question, which had been constructed to replace the two lifeboats given to the *Eglantine*.

The Commissioner of Customs remitted the duty on the cost of the repairs made but declined to remit the duty on the two life boats in question. Upon the foregoing state of facts the case was submitted for decision to this court.

The plaintiff claims that the duty should have been remitted on the life boats under the provisions of said section because, due to stress of weather, the acquisition of said boats was necessary to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination. The Government claims that the foregoing set of facts clearly shows that there was absolutely no damage done to the two life boats which were transferred from the *Ethan Allen* to the *Eglantine*, and therefore their replacement was not occasioned by damage caused by stress of weather. The section of law involved herein provides, in part, as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country * * *.

"SEC. 3115. If the owner or master of such vessel furnishes good and sufficient evidence—

"(1) That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination;

\* \* \* \* \* \* \*

then the Secretary of the Treasury is authorized to remit or refund such duties * * *."

It will be noted that this provision clearly provides that duty at 50 percent ad valorem shall be assessed upon all equipments purchased in a foreign port for a vessel documented under the laws of the United States, and gives the Secretary of the Treasury authority to remit or refund such duties when it is established to his satisfaction that the purchases were occasioned by and the replacements were

the direct result of stress of weather or other casualty to the particular vessel purchasing the same, and that the acquisition of said equipments was necessary to enable said vessel to reach her port of destination.

In the stipulation it is agreed that the boats in question are included within the term "equipments" and the statute specifically includes boats within that term. The Secretary of the Treasury, under said section, has no power to admit articles free of duty unless the law so directs. It is clear that the two lifeboats in question were not purchased for the *Ethan Allen* as a result of any stress of weather or other casualty. Although great damage was caused said vessel by heavy weather the necessity for the purchase of lifeboats was not occasioned thereby. Therefore, section 466 of the Tariff Act of 1930 provides that duty of 50 percent ad valorem shall be assessed thereon.

The plaintiff in submitting this case argues that according to the statute, logical reasoning, and the equities of the case, the duties herein imposed should be remitted or refunded. The plaintiff thereby reasons that owning both vessels and having lost two lifeboats from one, and having replaced them by borrowing from the other, in justice and equity it is entitled to a refund of the duty collected. This court is without equitable jurisdiction and must construe the language of the statute in the light of the facts stipulated here. The statute specifically states what conditions must exist before repairs or replacements may be admitted free of duty. The facts, as stipulated, are that the replacement of the two lifeboats upon the *Ethan Allen* was not necessitated because the lifeboats of said vessel had been damaged by the storm.

For the reasons stated, judgment will be entered in favor of the defendant.